IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02178-LTB-KMT

ANDREW FIELDS, III,

    Plaintiff,

v.

RON WILEY (Warden),

    Defendant.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("App.") [Doc. No. 3, filed October 16, 2007]. Respondent's "Answer to Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("Rsp.") was timely filed on January 22, 2008. [Doc. No. 12.] Respondent also filed "Respondent's Notice of Supplemental Authority" [Doc. No. 15, filed April 11, 2008]. Pursuant to Title 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, this matter was originally referred to Magistrate Judge Michael Hegarty for recommendation and on January 10, 2008 was transferred to this Court. Based on the record contained herein, I recommend that the Application be DENIED and that this matter be dismissed.

*BACKGROUND*

At the time the Application was filed, Applicant Andrew Fields was an inmate incarcerated at the United States Penitentiary, Administrative Maximum ("ADX"), in Florence, Colorado. On October 6, 1993, Applicant received a sentence of 188-months incarceration plus an additional consecutive 60 months imprisonment, all followed by 3 years of supervised release on his convictions for Aiding and Abetting in Carjacking and Use of a Firearm During a Crime of Violence. (Rsp., Exh. A-1.) Fields satisfied his sentences and was released from incarceration on October 30, 2007, via good conduct time release. (*Id.*) Applicant is currently on supervised release. (*Id.*)

On August 4, 2006, while still incarcerated at the ADX, Fields was issued an incident report charging him with violating BOP Inmate Code of Conduct 218, Destruction of Government Property in Excess of $100.00. (Rsp., Exh. A-2, Incident Report No. 1497720.) The report alleged that when a random cell inspection was conducted in the Special Housing Unit, it was discovered that the security putty from a window seal within Fields' cell had been broken and removed. (*Id.*) At the time of the inspection, Fields was the only inmate assigned to the cell. (*Id.*) Prior to Fields' assignment to that particular cell, the window seal had been inspected and no damage had been noted. (*Id.*) As a result, Fields received the incident report which he now complains should not have been issued against him.

Fields had an initial hearing before the Unit Discipline Committee on August 10, 2006. (Rsp., Exh. A-2.) He received notice of his rights at that time. (Rsp., Exh. A-3.) The discipline hearing was held on September 15, 2006. (Rsp., Exh. A-4.) At the hearing Fields

denied the charges, declined the assistance of a staff representative and did not request any witnesses. (*Id.*) He stated in his defense, "[i]t was already like that when I arrived." (*Id.* ¶ III-B.) The DHO considered the evidence, including staff member statements, photos and Fields' statement and found that Fields committed the prohibited act as charged. (*Id.* ¶ V and App., 3 - 4). The DHO imposed sanctions of forfeiture of 20 days statutory good conduct time and 30 days disciplinary segregation. (Rsp., Exh. A-4, ¶ VI.) The parties stipulate that the Applicant exhausted his administrative remedies regarding the incident report. (Rsp., Exh. A-5.)

*LEGAL STANDARDS*

  A. *Pro Se Applicant*

Applicant is proceeding pro se. Therefore the court must liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, even as a pro se litigant, Applicant is required to comply with the fundamental requirements of the rules of procedure. *Wellington v. Mukasey*, 2008 WL 276047, *2 (10th Cir. 2008); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994). The Court will carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

  B. *Jurisdiction - Title 28 U.S.C. § 2241*

An application for habeas corpus relief may be filed when an applicant alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The statute permits a prisoner to attack the execution of his sentence as it affects the fact or duration his confinement. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004).

When an inmate challenges the length or duration of his confinement, 28 U.S.C. § 2241 is the proper jurisdictional basis. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). However, where a prisoner "attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions," jurisdiction is not proper under 28 U.S.C. § 2241, and his remedy is under the civil rights laws. *McIntosh* at 812 (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

*CLAIMS*

Applicant is seeking "to have all sanctions imposed (27) days loss of good conduct time, one year loss of telephone priviledges (sic), one year loss of visits, and (30) days administrative detention, all restored and immedeate (sic) release from prison." This remedy is allowable pursuant to Section 2241.

*ANALYSIS*

*The Claims Contained in the Application are Moot*

During the pendency of this Application, Applicant was released from incarceration on October 20, 2007, based upon his good conduct credits. (Rsp., Exh. A-1 at 5.)[1] In light of Applicant's release from incarceration, the Respondent filed his Notice of Supplemental Authority.

---

[1] Expiration of Full Term Date was 10-09-2008, also a date now in the past. (Rsp., Exh. A-1 at 6.)

In order for jurisdiction to exist under § 2241, the petitioner must be "in custody" for violating the laws of the United States. Title 28 U.S.C. § 2241(c)(3). Although the Applicant was released from prison, he nevertheless satisfied the "in custody" requirement of § 2241(c), because he was incarcerated at the time he filed his habeas application. *See Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Applicant's subsequent release raises the issue, however, of whether his claims in this case survive.

Release from custody does not, *ipso facto*, render a habeas corpus application moot. The principal determination is whether sufficient collateral consequences still exist to render the habeas application justiciable. *Spencer*, 523 U.S. at 8. Although the Supreme Court has recognized that certain collateral consequences render an otherwise moot habeas application justiciable, completing one's incarceration and complying with the terms of parole (even while facing the possibility of parole revocation) does not qualify. In *Spencer v. Kemna*, the petitioner challenged the determination that his habeas application was moot after his release from prison and subsequent parole violation. The petitioner was required to prove that revocation constituted a collateral consequence by (among other things) being used to increase petitioner's sentence in a future proceeding. *Id*. at 14. While the Court acknowledged that underlying criminal convictions "entail adverse collateral legal consequences . . . [t]he same cannot be said of parole revocation." *Id.* at 12. The Court "refused to extend [its] presumption of collateral consequences (or [its] willingness to accept hypothetical consequences) to the area of parole revocation." *Id.*

Magistrate Judge Hegarty addressed this very issue involving another habeas case filed by Andrew Fields, Applicant herein, in *Fields v. Wiley*, 2008 WL 1840725 (D. Colo. 2008). In

that case Fields was challenging a different incident report, also received at ADX, wherein after adjudication he was penalized by forfeiture of twenty-seven days of good time credit. Magistrate Judge Hegarty found that because Fields had been released based on his earned good time credits, any argument that a restoration of good time credits would affect some future offense or a potential revocation of supervised release would be speculative.[2] "Under *Spencer*, these 'hypothetical consequences' would not qualify as sufficient collateral consequences." *Id*. at *3. This court agrees with Magistrate Judge Hegarty and adopts his reasoning here.

Furthermore, Applicant's earned (or restored) good conduct time cannot be applied to his period of supervised release. *Crawford v. Booker*, 2000 WL 1179782, *2 (10th Cir. 2000) (petitioner's § 2241 challenge was held moot because § 3624(e), by its own necessary operation, does not reduce the length of a supervised release term by reason of excess time served in prison.) The *Crawford* court stated that even if petitioner's "legal argument was successful, this court could not shorten the length of his supervised release term" by applying restored good time credit to the release period. In light of *Crawford* as well as the findings in Fields' earlier case, even if the Applicant were to prevail on this Application, his restored good conduct time would not be applied to his period of supervised release, and therefore does not provide a basis for a collateral consequence. *Fields* at *4.

---

[2]As in Field's former case before Magistrate Judge Hegarty, Fields did not file a Traverse to Respondent's Answer so no collateral consequences have actually been alleged.

Finally, as also noted by Magistrate Judge Hegarty, Applicant cannot argue that later sentences might be enhanced as the result of his Incident Report in this case because the United States Sentencing Guidelines ("U.S.S.G.") do not consider prison disciplinary proceedings as prior convictions. *Id.*; *See* U.S.S.G. § 4A1.2.

Under all the circumstances, therefore, I find no sufficient collateral consequences exist to render Fields' habeas corpus application justiciable. The Application now fails to adequately raise an ongoing case or controversy under Article III of the United States Constitution and is therefore moot. Further, it would be impossible to grant Applicant's request for relief in this action, because Applicant seeks immediate release from prison and the restoration of privileges; since he has already been released from prison, a request for immediate release is moot and the possibility of prison privileges being restored has been foreclosed.

### *CONCLUSION*

WHEREFORE, for the foregoing reasons, I respectfully RECOMMEND that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 3] be DENIED, and that this case be dismissed.

### *ADVISEMENT TO THE PARTIES*

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge